The undersigned have reviewed the prior Opinion and Award based upon the entire record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. including the documents referenced above. The appealing party has shown good ground to reconsider the evidence and to amend the Opinion and Award with regard to the modification of the average weekly wage and compensation rate in Finding of Fact Number 11, Conclusions of Law Numbers 1 and 2, and Award Number 1.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner, modifies Finding of Fact Number 11 and finds as follows:
* * * * * * * * * * *
FINDINGS OF FACT
1. Plaintiff is a 6' 1", approximate 290 pound, 27 year-old married male. He has a high school education, but has not since received any type of further formal education or technical training. His prior work experience has included doing construction work for a number of years and driving trucks for lumber and furniture companies.
2. On April 29, 1991 plaintiff became employed as a so-called "side loader", responsible for route sales delivering soft drinks either to various retail establishments or the type of full service route he was assigned when injured, which exclusively involved responsibility for filling drink machines, and in one route or the other required him to handle 6, 12 and 24 packs of canned drinks, 2 liter bottles, and 16 and 20 ounce bottles as well as tanks of syrup on occasion. Once he arrived at a particular stop, plaintiff would load each of the cases of drinks to be delivered by hand onto a handtruck.
3. On February 3, 1993 plaintiff was working a full service route delivering soft drinks to drink machines in the area and at the particular time in question was attempting to pull a handtruck loaded with 14 cases of drinks up a flight of three steps to reach a drink machine to be filled at Elizabeth City State University. The steps were too narrow for him to stand on them at the same time with his handtruck and, as a result, plaintiff stood on the top of the stairway and attempted to pull the handtruck all the way up the flight of steps requiring him to bend over to do so.
4. In the process of pulling the hand truck up the same stairway plaintiff experienced an acute onset of radiating pain into his right lower extremity and thereby a specific traumatic incident resulting in a right-sided disc herniation at the L5-S1 level of his lumbosacral spine and thereby the disabling, and otherwise compensable, back injury giving rise hereto.
5. Initially plaintiff assumed he had only sustained a pulled muscle and attempted to continue working. The longer he did, however, the worse his symptoms became ultimately forcing him to seek medical treatment at the Outer Banks Medical Center on the night of March 3, 1993. Plaintiff received conservative treatment at the Outer Banks Medical Center, but his condition did not improve and he was subsequently referred to an orthopedic surgeon, Dr. Habeeb.
6. On March 31, 1993 plaintiff came under the care of Dr. Habeeb, who similarly attempted a conservative course of treatment, including epidural steroid injections, but when plaintiff's condition did not improve, performed a lumbar laminectomy and discectomy for the right-sided disc herniation plaintiff sustained on February 3, 1993 attempting to pull a handtruck up the flight of stairs at Elizabeth City State University.
7. As a result of the same injury plaintiff was totally incapacitated from work during the period from April 14, 1993 to October 25, 1993 when he returned to his regular route sales job for defendant-employer at the same wage.
8. Although he was neither then able to return to his regular route sales job nor had he reached maximum medical improvement and/or the end of the healing period from and following the same injury and corrective surgery necessitated thereby; with corrective surgery plaintiff's condition improved such that by July he was capable of light duty work; however, defendant-employer would not allow him to return to work until he was able to do so on unrestricted basis and thus never provided him suitable interim alternate lighter work.
9. Plaintiff has since reached maximum medical improvement and/or the end of the healing period from and following the injury by accident giving rise hereto and corrective surgery necessitated thereby and as a result of the same injury retains a five (5) percent permanent-partial disability of his back.
10. During the period from April 14, 1993 to October 25, 1993 that he was totally disabled by the involved back injury plaintiff received $12,172.03 in benefits under a non-contributory short-term group disability plan that defendant-employer provided for its employees, which were not due and payable under the Workers' Compensation Act because of the same employer's denial of the involved claim entitling defendant-employer to a credit against the instant award of temporary-total disability benefits.
11. Based on the Industrial Commission Form 22 dated October 12, 1994, the plaintiff's average weekly wage was $498.75 which yields a compensation rate of $332.51.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 3, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment and as a result thereof was temporarily totally disabled from April 14, 1993 to October 25, 1993 entitling him to compensation at a rate of $332.51 per week during the same period, subject to a credit pursuant to the provisions of G.S. § 97-42 for the $12,172.03 in benefits that defendant-employer paid during the same period under the non-contributory short-term group disability plan provided for its employees, which were not due and payable under the Workers' Compensation Act because of defendant-employer's denial of the involved claim. G.S. § 97-2(6); G.S. § 97-29; G.S. § 97-42.
2. As a result of the same injury plaintiff retains a five (5) percent permanent-partial disability of the back entitling him to 15 weeks of compensation at a rate of $332.51 per week commencing as of October 25, 1993. G.S. § 97-31(23).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his temporary-total disability, compensation at a rate of $332.51 per week during the period from April 14, 1993 to October 25, 1993 and commencing immediately thereafter an additional 15 weeks of compensation at the same rate on account of his retained five (5) percent permanent-partial disability of the back. Such compensation having accrued, the same shall be paid in lump sum without commutation, subject to a reasonable attorney fee hereinafter approved and to a credit pursuant to the provisions of G.S. § 97-42 for the short-term disability benefits paid during plaintiff's resulting period of temporary-total disability.
2. A reasonable attorney fee in the amount of twenty-five (25) percent of the net (after credit due under the provisions of G.S. § 97-42 for the short-term disability benefits paid plaintiff during his resulting period of temporary-total disability) compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendants are obligated to pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, including as part thereof the corrective back surgery he underwent, when bills for the same are submitted on proper forms, through defendant-carrier, to the Industrial Commission for approval and are approved by the Commission.
4. Defendants shall bear the costs, including as part thereof, an expert witness fee in the amount of $250.00 to Dr. Edward D. Habeeb, who appeared by way of deposition and gave expert medical testimony herein.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER